[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence 10 May 1993 Date of Application 10 May 1993 Date Application Filed 11 May 1993 Date of Decision 25 January 1994
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford/New Britain at G. A. 14 in Hartford. Docket No: 92-432136.
Ross Delaney, Esq. for the Petitioner.
John Dropick, Esq. Assistant State's Attorney for the State. CT Page 1784
BY THE DIVISION
The petitioner after a trial by jury was found guilty of Burglary 3rd, in violation of Connecticut General Statute,53a-103; Larceny 3rd, in violation of Connecticut General Statute 53a-124(a)(2) and Possession of Burglary Tools in violation of Connecticut General Statute 53a-106. After the guilty findings by the jury the petitioner was put to plea on a larceny 6th in violation of 53a-125, and was charged and plead guilty to a Part B Information as a Persistant Larceny Offender in violation of Connecticut General Statutes 53a-40
(c) and 53a-35. At the time of sentencing the court imposed a sentence of three years to serve on the Burglary 3rd, three months to serve on the Larceny 3rd. and one year to serve on the Possession of Burglary Tools. On the Part B information the petitioner was given three months to serve on the Larceny 6th and five years to serve on the Persistent Larceny offense. The court ran all sentences consecutively for a total effective sentence of nine years and six months to serve.
The record shows that the petitioner broke into the Connecticut Linen company in the city of Hartford and stole white towels from the premises. When stopped by the police he had in his possession burglary tools. The Part B Information shows that the petition attempted to steal a pair of mens boots from a store in Hartford.
Claiming that the total sentence was inappropriate and illegal counsel for the petitioner asked the panel to focus on the sentence imposed for the persistent larceny offender crime. He pointed out that the petitioner has a long and old record but a close examination would reveal that there was no violence indicated in the type of crime the petitioner commits. Stating that the sentence given for the persistent offender was not in the public interest he asked the panel to run the sentence given concurrently.
Petitioner when he addressed the panel astonishingly told the CT Page 1785 division that he did not view himself as a criminal.
The attorney for the state argued that the sentence imposed by the court was not inappropriate for a person with the petitioners criminal history. He noted that the petitioner has had numerous times to modify his conduct and has failed to do so. The state felt that the court's sentence was an attempt to ring the petitioner conduct to an end.
In reviewing the sentence imposed the division finds that the sentence given in the Part B information must be modified in two ways. First the courts sentence of five years three months for the Larceny 6th and Persistent offender is illegal and contrary to law. The maximum sentence under the Part B is five years to serve.
The record indicates the court took into consideration the petitioners extensive criminal history when it meted its punishment. The court rightly acknowledge that the petitioner's record showed over forty misdemeanor and seven felony convictions. In reading the remarks of the state's attorney we note that the state asked for a maximum total of five years be given the petitioner for all of his offenses before the court. Balancing the state's request for punishment and looking at the nature and type of offense before the court the division find the sentence inappropriate.
In light of the factors set forth in P.B. 942, a sentence of seven and one/half years to serve would be an appropriate sentence. Accordingly the sentence is modified to seven and one/half years and the matter is remanded to the trial court for resentencing.
Norko, J.
Purtill, J.
Klaczak, J.
Norko, J., Purtill, J., and Klaczak, J., participated in this decision. CT Page 1786